UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BRAD MICHAEL COTE,<br><br>　　　　　　　Defendant. | Case No. 1:21-cr-00263-BLW<br><br>**REPORT AND RECOMMENDATION** |

　　　　On February 24, 2022, Defendant Brad Michael Cote appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

　　　　The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

Prior to Defendant's arraignment on October 21, 2021, the Government had moved for detention. (Dkt. 4, 5.) At Defendant's arraignment, an order of temporary detention was entered and a detention hearing was set. A detention hearing was held on October 25, 2021, before Magistrate Judge Raymond E. Patricco. At the hearing, the Government withdrew its motion for detention and agreed with the conditions proposed by Pretrial Services. The Court released defendant on several conditions, which included requirements to continue or actively seek employment; submission to testing for prohibited substances; and participation in a substance abuse assessment and program of substance abuse therapy and counseling. (Dkt. 15.)[1]

On February 23, 2022, Pretrial services filed a Release Status Report with the Court. (Dkt. 35.) Defendant is currently being supervised by Pretrial Services in the District of New Hampshire. Pretrial Services reports Defendant tested presumptive

---

[1] The order setting conditions of release was modified on December 2, 2021, to change the third party custodian from Defendant's mother to his father. (Dkt. 29.)

**REPORT AND RECOMMENDATION - 2**

positive for opiates on November 29, 2021, and that the lab confirmed the test as positive for codeine.[2] Other than this positive test, Defendant has been compliant with all of the terms of pretrial release, which includes obtaining employment, participation in a substance abuse assessment and a program of outpatient substance abuse therapy and counseling, and maintaining contact with Pretrial Services. Pretrial Services recommends that Defendant's conditions of pretrial supervision remain unchanged.

At the time of the plea hearing, the Government stated that it did not oppose Defendant's continued release pending imposition of sentencing. The Government further indicated that it does not have information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

As set forth in Defendant's Motion to Remain Released Pending Sentencing (Dkt. 36) and as proffered by Defendant's counsel at the hearing, Defendant has a minimal criminal history, and a criminal record check reflects his last arrest occurred in 2010. Since his release, he has maintained a residence with his mother, and he is now living with his father in New Hampshire. Upon relocating to New Hampshire, Defendant applied for and secured employment. His supervisor submitted a letter of support indicating Defendant is a valued member of his work team. (Dkt. 36 at 11.) Defendant also enrolled in substance abuse counseling, and he meets with his counselor once each week. His counselor reports that Defendant actively participates in counseling sessions

---

[2] Defendant denies ingesting any prohibited substances, claiming the positive test result may have been due to consuming poppy seed muffins his mother brought him.

**REPORT AND RECOMMENDATION - 3**

and is proactive in his recovery. (Dkt. 36 at 12.) He has been cooperative, and he has attended all scheduled court appearances.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of treatment of Defendant's substance abuse therapy that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or pose a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Brad Michael Cote's plea of guilty to Count 1 of the Indictment (Dkt. 1);

2) The District Court order forfeiture consistent with Defendant Brad Michael Cote's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement;

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count 2 of the Indictment (Dkt. 1) as to Defendant; and

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release, as modified. (Dkt. 15, 29.)

**REPORT AND RECOMMENDATION - 4**

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: February 24, 2022

_____
CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 5**